**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DINAH YUKICH<br>c/o JESSICA P. WEBER<br>BROWN, GOLDSTEIN & LEVY, LLP<br>120 E. BALTIMORE ST., SUITE 2500<br>BALTIMORE, MD 21202<br><br>*Plaintiff*,<br><br>v.<br><br>USA FENCING<br>210 USA CYCLING POINT, SUITE 120<br>COLORADO SPRINGS, CO 80919<br><br>and<br><br>JESSICA SAXON<br>85 BOSTON ROAD<br>PENNSVILLE, NJ 08070<br><br>*Defendants*. | Case No: |

**NOTICE OF REMOVAL**

Petitioners/Defendants, United States Fencing Association (incorrectly pleaded as USA Fencing) ("USA Fencing"), and Jessica Saxon ("Saxon"), collectively, "Defendants," are hereby removing the above-captioned action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 28 U.S.C. §§ 1441, *et seq*. In support of this Notice, Defendants state:

## I. PROCEDURAL REQUIREMENTS FOR REMOVAL

1. On August 26, 2026, Plaintiff, Dinah Yukich, filed a Complaint in the Circuit Court for Prince George's County, entitled *Dinah Yukich v. USA Fencing, et al.*, Case No. C-16-CV-26-005166, against USA Fencing and Saxon. The Clerk issued the Writ of Summons on August 27, 2026. *See* Writ of Summons, Complaint and Civil Case Information Report, attached as Exhibit A.

2. On September 11, 2026, Plaintiff served Defendants with a Writ of Summons and a copy of the Complaint. *See* Affidavit of Service, attached as Exhibit B.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt of the Complaint by Defendants.

4. By removing, Defendants do not admit any of the allegations in Plaintiff's Complaint and do not waive any rights or defenses available to them, including their right to move to dismiss or stay for lack of jurisdiction or because the claims are subject to an arbitration agreement.

5. Defendants specifically reserve all defenses and objections under Federal Rule of Civil Procedure 12.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Complaint, and all other papers, pleadings and orders filed in state court are attached as Exhibit C.

7. Defendants respectfully request the opportunity to fully brief any issues raised as to the propriety of removal.

8. Upon the filing of the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Maryland Circuit Court, pursuant to 28 U.S.C. § 1446(d).

9. Defendant USA Fencing notes that a previous, substantially similar lawsuit brought by Plaintiff against USA Fencing, among others, was successfully removed from the New Jersey Superior Court to the United States District Court for the District of New Jersey, entitled, *Yukich v. Premier Fencing Club, et al.*, bearing Civil Action No. 2:25-cv-18011-KSH-AME.

10. Defendants reserve the right to amend or supplement this Notice.

## I. VENUE

11. The Circuit Court for Prince George's County, is located within the District of Maryland. 28 U.S.C. § 110. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II. CONSENT OF DEFENDANTS

12. Pursuant to 28 U.S.C. § 1446(b)(2)(A), both named Defendants in this action consent to the removal of this action to the United States District Court for the District of Maryland.

## III. FIRST BASIS FOR REMOVAL – DIVERSITY JURISDICTION

13. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states…"

### A. AMOUNT IN CONTROVERSY

14. In the Complaint, Plaintiff asserts a claim for violation of the Prince George's County Code §§ 2-186, *et seq.* (the "PGCC"), prohibiting discrimination in public accommodations. PGCC § 2-186(a)(6). More specifically, Plaintiff asserts a claim of public accommodation discrimination on the basis of her "sex, personal appearance and gender identity." *See* Exhibit A at ¶ 52. Plaintiff further alleges that she suffered compensatory damages (including emotional distress damages), punitive damages, attorneys' fees, costs of suit, and interest. *Id.* at 11, Relief Sought section.

15. Here, Plaintiff does not state the amount in controversy with specificity. Rather, Plaintiff alleges that her compensatory and punitive damages exceed the sum or value of $30,000

but do not exceed $74,999. *Id*. This does not comply with the Maryland Rules. Specifically, Rule 2-305 requires that "a demand for money judgment that does not exceed $75,000 shall include [in the complaint] the amount of damages sought…" Md. Rule 2-305(b)(1).

16. Plaintiff's avoidance of the Rule appears deliberate. Indeed, this is Plaintiff's second lawsuit against these Defendants over the same event. On July 9, 2026, Plaintiff filed a substantially similar complaint in the same court, entitled *Dinah Yukich v. USA Fencing, et al.*, Case No. C-16-CV-26-004174 ("Plaintiff's First Action"). A copy of the complaint in Plaintiff's First Action is attached as Exhibit D.

17. In Plaintiff's First Action, Plaintiff sought compensatory damages, punitive damages, attorneys' fees, declaratory relief, and injunctive relief without any upper limitation on recovery. Plaintiff voluntarily dismissed Plaintiff's First Action before Defendants answered, moved, or otherwise acted with respect to the First Action. A copy of Plaintiff's voluntary dismissal in the First Action is attached as Exhibit E.

18. Following dismissal of Plaintiff's First Action, Plaintiff filed a substantially similar complaint – the subject Complaint – but inserted, for the first time, a prayer attempting to cap damages at $74,999. Given the nature of the claims, the request for punitive damages, attorneys' fees, emotional distress damages, and broad injunctive relief, the amount in controversy more likely than not exceeds $75,000 notwithstanding Plaintiff's jurisdictional pleading.

19. The Supreme Court has long recognized that jurisdiction turns on the actual amount in controversy rather than tactical posturing by the plaintiff. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court held that federal jurisdiction cannot be defeated by a plaintiff's efforts to reduce the amount in controversy after jurisdiction attaches. The

Court explained that jurisdiction depends upon the amount genuinely placed in controversy and that subsequent attempts to reduce recovery do not divest federal jurisdiction.

20. Likewise, the Fourth Circuit has recognized that courts generally accept the plaintiff's damage allegations only when made in good faith and that the jurisdictional inquiry focuses upon the value of the rights at stake in the litigation. *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635 (4th Cir. 2010).

21. The District of Maryland has specifically rejected attempts to avoid federal jurisdiction through artificial damages limitation. In *Baron v. DIRECTV, LLC*, No. 16-3145, 2016 U.S. Dist. LEXIS 143089, *4 (D. Md. Oct. 17, 2016), the plaintiff expressly alleged that his claim did not exceed $74,999.99 pursuant to Maryland Rule 2-305. Nonetheless, the court examined the entirety of the relief sought, including punitive damages, statutory damages, and attorneys' fees, and concluded that the amount in controversy exceeded $75,000, and accordingly denied remand.

22. The same reasoning applies here. The current Complaint seeks far more than a modest compensatory damage award. Plaintiff seeks:

a. Emotional distress damages for alleged humiliation, embarrassment, and emotional harm.

b. Punitive-type relief based upon allegations that Defendants acted with "actual malice," "wanton," and "willful disregard" of Plaintiff's rights.

c. Attorneys' fees and litigation costs.

d. Declaratory relief.

e. Broad injunctive relief compelling Defendants to permit Plaintiff to participate in women's fencing events managed or sanctioned by Defendants in the future.

23. In determining the amount in controversy, courts consider not only monetary damages but also the value of requested injunctive and declaratory relief. The value of Plaintiff's requested injunction must be measured by the value of the right sought to be protected or the cost

of compliance to Defendants. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

24. Here, Plaintiff seeks a nationwide injunction affecting eligibility determinations for participation in USA Fencing-sanctioned women's competitions. The economic and operational consequences of such relief substantially exceed the $75,000 jurisdictional threshold.

25. In addition, "[w]hen Maryland law permits recovery of attorneys' fees, potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir.) (citations, internal quotation marks, and brackets omitted).

26. By her Complaint, Plaintiff alleges violation of the Prince George's County Code, which includes attorneys' fees as recoverable damages. PGCC § 2-203.3(d). Plaintiff seeks to recover attorneys' fees. Therefore, pursuant to *Francis*, the value of attorneys' fees Plaintiff seeks in her Complaint should be included in the calculation of the amount in controversy.

27. When emotional distress damages, attorneys' fees, potential punitive damages, and the value of the requested injunctive relief are considered together, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Baron*, and *Dart Cherokee*. As a result, based upon the nature of the allegations and the relief sought in the Complaint, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

**B. DIVERSITY OF CITIZENSHIP**

28. According to the Complaint, Plaintiff was and is a citizen and resident of the State of Maryland. *See* Exhibit A at ¶ 11.

29. At the time of the filing of the Complaint and at the present time, defendant USA Fencing has a principal place of business at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado 80919. *Id*. at ¶ 15. Although not plead in the Complaint, USA Fencing is a Colorado nonprofit corporation. *See* Colorado Secretary of State record for United States Fencing Association, attached as Exhibit F. Therefore, USA Fencing is a citizen of Colorado.

30. Also not plead in the Complaint (but appears in its caption) is defendant Saxon's state of residence, which is New Jersey. According to the Complaint, Saxon's office is in Colorado. *See* Exhibit A at ¶ 19. Therefore, Saxon's state of residence is New Jersey (or Colorado, according to the Complaint).

31. Accordingly, diversity of citizenship exists.

## IV. SECOND BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

32. Plaintiff's Complaint challenges USA Fencing's enforcement of athlete eligibility rules governing participation in fencing competitions it sanctions, including the Cherry Blossom Open held from March 12 through March 14, 2026 at the University of Maryland. *See* Exhibit A at ¶ 39. USA Fencing is the National Governing Body ("NGB") for fencing, recognized by the United States Olympic and Paralympic Committee ("USOPC") under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §§ 220501-220529 ("Ted Stevens Act").

33. Plaintiff's claim necessarily challenges USA Fencing's federally mandated eligibility rules, USA Fencing's statutory obligations as an NGB, and the USOPC's authority under federal law. These issues arise directly under the Ted Stevens Act. Accordingly, it is respectfully submitted that removal of the action is proper because Plaintiff's claim raises substantial federal questions.

### A. THERE IS FEDERAL QUESTION JURISDICTION

34. The Ted Stevens Act establishes the exclusive federal framework for Olympic and amateur sports governance. 36 U.S.C. §§ 220501-220529. The Ted Stevens Act grants the USOPC exclusive authority to recognize NGBs to adopt and enforce eligibility rules consistent with USOPC policies. 36 U.S.C. §§ 220521-220522.

35. Plaintiff's Complaint expressly sets forth defendant Saxon's response to Plaintiff's email request that Plaintiff be permitted to compete against cisgender women in the Cherry Blossom Open: "USA Fencing's Transgender & Non-Binary Athlete Eligibility Policy governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied." *See* Exhibit A at ¶ 35. USA Fencing implemented its Transgender & Non-Binary Athlete Eligibility Policy (the "Policy") because the USOPC required it. As an NGB, USA Fencing is required to follow USOPC policies in order to maintain its recognition as an NGB.

36. Plaintiff is aware of this. Indeed, in Plaintiff's complaint in her First Action, in paragraph 36, Plaintiff alleges that Saxon wrote to Plaintiff stating: "Because [the Policy] has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding." *See* Exhibit A at ¶ 36. This paragraph does not appear in the current Complaint. Plaintiff is clearly trying to avoid the fact that her allegations trigger required application of federal law, *i.e.*, the Ted Stevens Act, which precludes Plaintiff from bringing suit in court because of the Ted Stevens' Act's arbitration scheme. This scheme requires Plaintiff to arbitrate her eligibility dispute in a USA Fencing event. In other words, under the federal Ted Stevens Act, Plaintiff must arbitrate the allegations in her Complaint, but Plaintiff is trying desperately to avoid it.

37. Disputes involving NGB eligibility rules arise under federal law because they implicate the Ted Stevens Act. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595-96 (7th

Cir. 2001) (holding that the Ted Stevens Act creates a comprehensive federal scheme governing amateur sports and athlete eligibility); and *Behagen v. Amateur Basketball Ass'n*, 884 F.2d 524, 529 (10th Cir. 1989) (recognizing federal jurisdiction where claims implicate the USOPC's statutory authority).

38. These cases establish that athlete eligibility disputes involving NGBs fall within federal jurisdiction because they arise under the Ted Stevens Act. In the case at bar, Plaintiff is challenging the federally-mandated eligibility requirements to participate in a USA Fencing event.

### B. PLAINTIFF'S CLAIM NECESSARILY DEPENDS ON RESOLUTION OF FEDERAL ISSUES

39. Even though Plaintiff pleads a claim pursuant to a Prince George's County statute, removal is proper where local claims necessarily depend on resolution of substantial federal questions. *Grable and Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiff's local statute claim cannot be adjudicated without determining whether (a) USA Fencing's eligibility rules were mandated by the USOPC under federal law; (b) whether USA Fencing was federally obligated to enforce those rules; and (c) whether local law liability may be imposed for conduct required by federal statute. The resolution of those issues will require a resolution of a substantial federal question under the Ted Steven Act and removal is proper. *Gunn v. Minton*, 568 U.S. 251 (2013).

## V. CONCLUSION

40. Defendants have not previously sought similar relief.

41. To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

42. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served by mail upon Plaintiff's counsel (as well as by electronic mail) and filed with the Clerk of the Circuit Court of Prince George's County.

43. By removing this matter, Defendants do not waive or intend to waive any defense.

WHEREFORE, Defendants pray that this cause proceed in this Court as an action properly removed hereto.

Respectfully submitted,

/s/ Imoh E. Akpan

Imoh E. Akpan (#30070)
Andrea Olsen-Leyden (#21193)
Goldberg Segalla LLP
111 South Calvert Street, Suite 2000
Baltimore, MD 21202
Ph: (443) 615-7516
Fx: (443) 615-7599
iakpan@goldbergsegalla.com
aolsenleyden@goldbergsegalla.com
*Attorneys for Defendants*
*United States Fencing Association*
*(incorrectly pleaded as USA Fencing) and*
*Jessica Saxon*

Dated: October 8, 2026