**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DINAH YUKICH<br><br>*Plaintiff,*<br><br>v.<br><br>JESSICA SAXON, et al.<br><br>*Defendants*. | Case No: 8:26-cv-04238-LKG |

**DEFENDANTS' MOTION ON CONSENT FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants United States Fencing Association (incorrectly pleaded as "USA Fencing") ("USA Fencing") and Jessica Saxon ("Saxon") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully move this Court for an extension of time, through and including November 16, 2026, within which to answer, move, or otherwise respond to the Complaint filed by Plaintiff Dinah Yukich ("Plaintiff"). In support of this Motion, Defendants state as follows:

1. Plaintiff commenced this action in the Circuit Court for Prince George's County, Maryland, captioned Dinah Yukich v. USA Fencing, et al., Case No. C-16-CV-26-005166, asserting a claim for denial of public accommodation under Prince George's County Code § 2-220 arising from her alleged exclusion from women's events at the Cherry Blossom Open held March 12–14, 2026.

2. On September 11, 2026, Plaintiff served Defendants with a Writ of Summons and a copy of the Complaint.

3. On October 8, 2026, Defendants timely removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. ECF No. 1. In their Notice of Removal, Defendants

expressly reserved all defenses and objections under Federal Rule of Civil Procedure 12, including their right to move to dismiss or stay for lack of jurisdiction or because Plaintiff's claims are subject to arbitration. *Id*. ¶¶ 4–5.

4. On October 9, 2026, the Clerk issued notice of the Court's Amended Standing Order 2021-13 Concerning Removal Actions. ECF No. 5.

5. Under Federal Rule of Civil Procedure 81(c)(2), a defendant who did not answer before removal must answer or present other defenses or objections within the longest of: (A) 21 days after receiving the initial pleading; (B) 21 days after service of the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed. Because the Notice of Removal was filed on October 8, 2026, Defendants' current deadline to respond to the Complaint is October 15, 2026.

6. Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court, for good cause, to extend the time to act if the request is made before the original time expires. This Motion is made before Defendants' response deadline has expired.

7. Good cause exists for the requested extension. This action was removed only days ago, and the seven-day period afforded by Rule 81(c)(2)(C) does not provide Defendants adequate time to prepare an appropriate response. Plaintiff's Complaint raises significant threshold issues, including issues relating to the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §§ 220501–220529, and the eligibility policies of USA Fencing as a National Governing Body, as well as whether Plaintiff's claims are subject to arbitration. Defendants anticipate that their response may take the form of a motion under Federal Rule of Civil Procedure 12, and require additional time to evaluate and properly present these defenses in a manner that will assist the Court.

8. In addition, Plaintiff previously pursued a substantially similar action against USA Fencing, among others, which was removed to the United States District Court for the District of New Jersey, Yukich v. Premier Fencing Club, et al. Defendants require additional time to evaluate the relationship between that action and the instant case and its effect on the issues to be raised in Defendants' response.

9. The requested extension of approximately thirty (30) days is reasonable, is sought in good faith and not for purposes of delay and will not prejudice any party. This case is at its earliest stage; no scheduling order has been entered, and no other deadlines will be affected. This is Defendants' first request for an extension of time to respond to the Complaint.

10. Counsel for Plaintiff consents to the 30 (thirty) day extension.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter the attached Order extending the time for Defendants to answer, move, or otherwise respond to Plaintiff's Complaint through and including November 16, 2026, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Imoh E. Akpan

Imoh E. Akpan (#30070)
Andrea Olsen-Leyden (#21193)
Goldberg Segalla, LLP
111 South Calvert Street, Suite 2000
Baltimore, MD 21202
Ph: (443) 615-7516
Fx: (443) 615-7599
iakpan@goldbergsegalla.com
aolsenleyden@goldbergsegalla.com
*Attorneys for Defendants*
*United States Fencing Association*
*(incorrectly pleaded as USA Fencing) and*
*Jessica Saxon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October, 2026, a copy of the foregoing Motion for Extension of Time and proposed Order was electronically filed and served via the Court's CM/ECF system upon the following counsel of record.

/s/ Imoh E. Akpan
Imoh E. Akpan (#30070)