**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DINAH YUKICH<br><br>*Plaintiff*,<br><br>v.<br><br>JESSICA SAXON, et al.<br><br>*Defendants*. | Case No: 8:26-cv-04238-LKG |

**DEFENDANTS' SECOND MOTION ON CONSENT FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants United States Fencing Association (incorrectly pleaded as "USA Fencing") ("USA Fencing") and Jessica Saxon ("Saxon") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), respectfully move this Court for an extension of time, through and including the date 14 days after the Court decides the pending Motion to Remand by plaintiff Dinah Yukich ("Plaintiff"), within which to answer, move, or otherwise respond to the Complaint. In support of this Motion, Defendants state as follows:

1. Plaintiff commenced this action in the Circuit Court for Prince George's County, Maryland, captioned Dinah Yukich v. USA Fencing, et al., Case No. C-16-CV-26-005166, asserting a claim for denial of public accommodation under Prince George's County Code § 2-220 arising from her alleged exclusion from women's events at the Cherry Blossom Open held March 12–14, 2026.

2. On September 11, 2026, Plaintiff served Defendants with a Writ of Summons and a copy of the Complaint.

3. On October 8, 2026, Defendants timely removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. ECF No. 1. In their Notice of Removal, Defendants expressly reserved all defenses and objections under Federal Rule of Civil Procedure 12, including their right to move to dismiss or stay for lack of jurisdiction or because Plaintiff's claims are subject to arbitration. *Id.* ¶¶ 4–5.

4. On October 9, 2026, the Clerk issued notice of the Court's Amended Standing Order 2021-13 Concerning Removal Actions. ECF No. 5.

5. Under Federal Rule of Civil Procedure 81(c)(2), a defendant who did not answer before removal must answer or present other defenses or objections within the longest of: (A) 21 days after receiving the initial pleading; (B) 21 days after service of the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed. Because the Notice of Removal was filed on October 8, 2026, Defendants' deadline to respond to the Complaint was October 15, 2026.

6. On October 14, 2026, Defendant moved on consent for an extension of time to answer, move, or otherwise respond to Plaintiff's Complaint. The reason for the request for extension was to allow Defendants to prepare an appropriate response. Plaintiff's Complaint raises significant threshold issues, including issues relating to the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §§ 220501–220529, and the eligibility policies of USA Fencing as a National Governing Body, as well as whether Plaintiff's claims are subject to arbitration. Defendants anticipate that their response may take the form of a motion under Federal Rule of Civil Procedure 12, and required additional time to evaluate and properly present these defenses in a manner that will assist the Court. The Court granted this application, permitting Defendants to answer, move or otherwise respond to the Complaint through and including November 16, 2026. ECF No. 8.

7. Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court, for good cause, to extend the time to act if the request is made before the original time expires. This Motion is made before Defendants' response deadline has expired.

8. Good cause exists for the requested extension. On November 6, 2026, Plaintiff filed a Motion to Remand this matter to state court. ECF No. 11. The motion asserts that this court does not have jurisdiction over this matter.

9. Because Plaintiff's Motion to Remand questions the threshold question of jurisdiction, Defendants wish to hold their Motion to Dismiss in abeyance pending the outcome of Plaintiff's Motion to Remand. Defendants believe that this will preserve resources for all involved, including the Court.

10. The requested extension is reasonable, as it ties Defendants' deadline to answer, move or otherwise respond to the Complaint to the date on which Plaintiff's Motion to Remand is decided. Defendants seek only 14 days from the date the Court decides the Motion to Remand. Further, the requested extension is sought in good faith and not for purposes of delay and will not prejudice any party. This case is at its earliest stage; no scheduling order has been entered, and no other deadlines will be affected. As set forth above, this is Defendants' second request for an extension of time to respond to the Complaint.

10. Counsel for Plaintiff consents to extending Defendants' time to answer, move, or otherwise respond to the Complaint up to and including 14 days after the Court files it decision on Plaintiff's Motion to Remand.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter the attached Order extending the time for Defendants to answer, move, or otherwise respond to Plaintiff's Complaint through and including the 14th day after the Court files its decision with

respect to Plaintiff's Motion for Remand, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Imoh E. Akpan

Imoh E. Akpan (#30070)
Andrea Olsen-Leyden (#21193)
Goldberg Segalla, LLP
111 South Calvert Street, Suite 2000
Baltimore, MD 21202
Ph: (443) 615-7516
Fx: (443) 615-7599
iakpan@goldbergsegalla.com
aolsenleyden@goldbergsegalla.com
*Attorneys for Defendants*
*United States Fencing Association*
*(incorrectly pleaded as USA Fencing) and*
*Jessica Saxon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November, 2026, a copy of the foregoing Motion for Extension of Time and proposed Order was electronically filed and served via the Court's CM/ECF system upon the following counsel of record.

/s/ Imoh E. Akpan

Imoh E. Akpan (#30070)